Exhibit 1

**12-Person Jury**

Hearing Date: 6/11/2019 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court

Attorney No.: 58143

FILED
2/11/2019 3:37 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01768

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

## IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| STEVEN GREEN, on behalf of himself and all others similarly situated, | ) ) ) Case No.  **2019CH01768** |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) JURY TRIAL DEMANDED |
| CHICAGO ATHLETIC CLUBS, LLC, | ) ) |
| Defendant. | ) |

### CLASS ACTION COMPLAINT

Plaintiff, STEVEN GREEN ("Plaintiff"), brings this action against Defendant, CHICAGO ATHLETIC CLUBS, LLC ("Defendant"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. This action arises out of Defendant's practice of sending autodialed text messages to individuals. Defendant's actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. A text message is a "call" as defined by the TCPA. *E.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

3. Plaintiff is one such recipient of Defendant's spam text messaging. Defendant sent a text message to Plaintiff's cellular telephone.

4. The text message was sent without prior express written consent of the recipient.

1

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

5.  The text message was sent using an automatic telephone dialing system, and was not sent for an emergency purpose.

6.  Accordingly, Plaintiff brings this TCPA action on behalf of Plaintiff and a proposed class of similarly situated individuals who received this text message without express consent to receive such text message.

## PARTIES

7.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of San Diego, San Diego County, California.

8.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9.  Defendant is, and at all times mentioned herein, an Illinois limited liability company headquartered at 55 E. Jackson Boulevard, Suite 500, Chicago, Illinois.

10. Defendant is, and at all times mentioned herein, a "person," as defined by 47 U.S.C. § 153(10).

## STEVEN GREEN v. CHICAGO ATHLETIC CLUBS, LLC

11. In January 2019, Defendant began using Plaintiff's cellular telephone for the purpose of sending Plaintiff an unsolicited text message, including a text message sent to and received by Plaintiff on or around January 11, 2019.

12. On or around January 11, 2019, Plaintiff received a text message from Defendant that read:

> We miss you as a member at Chicago Athletic Clubs. May we text you periodically w/ updates? Standard msg rates apply. If not please reply STOP now.

2

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

13. Defendant placed the text message from "522-36," an abbreviated telephone number knows as an SMS short code licensed and operated by Defendant or one of its agents on its behalf.

14. As of January 2019, Plaintiff did not provide Defendant or their agents with prior express written consent to receive unsolicited text message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15. Even if Defendant had Plaintiff's consent to contact Plaintiff on his cellular telephone, Plaintiff revoked any such authority when Plaintiff terminated his contractual relationship with Defendant.

16. Despite such revocation, Plaintiff received a text message from Defendant.

17. The text message placed to Plaintiff's cellular telephone was made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders.

18. The system(s) used by Defendant has the capacity to store numbers, or to produce telephone numbers to send text message using a random or sequential number generator. This is evidenced by:

    a. The similar content and structure of the messages;

    b. The short code 522-36 used to send the text message;

    c. That the number used to send the text message does not accept incoming phone calls;

    d. That the messages can be stopped automatically via a "STOP" command; and

    e. That none of the messages were sent with human intervention.

3

FILED DATE: 2/11/2019 3:37 PM  2019CH01768

19. The telephone number that Defendant, or Defendant's agent, sent a text message to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text message pursuant to 47 U.S.C. § 227 (b)(1).

20. The text message was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

21. Accordingly, the text message was sent in violation of the TCPA, as the text message was sent to Plaintiff's cellular telephone using an automatic telephone dialing without Plaintiff's prior express written consent.

22. Plaintiff has suffered actual injury as a result of Defendant's text message, including:

    a. Loss of device storage;

    b. Data usage;

    c. Plan usage;

    d. Depletion of device's battery;

    e. Trespass to chattel;

    f. Lost time tending to the unsolicited text message; and

    g. Invasion of privacy.

## CLASS ALLEGATIONS

23. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States who received one or more unsolicited text messages via an Automated Telephone Dialing System ("ATDS") from Defendant or its agent/s and/or employee/s without prior express written consent from January 2019 through present.

(the "Class")

4

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

24. Excluded from this class are Defendant and any entities in which Defendant have a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

25. The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

26. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

    a.  The time period(s) during which Defendant sent their text message;

    b.  The telephone numbers to which Defendant sent their text message; and

    c.  The content of these text message.

27. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

28. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

    a.  Whether, between January 2019 and present date, Defendant placed any unsolicited text message (other than a text message made for emergency purposes or made with the prior express written consent of the texted party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone services;

    b.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

    c.  Whether Defendant took adequate steps to acquire and/or track consent;

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

    d.   Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

29. As a person that received at least one unsolicited text message without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted text message and, due to the nature of text message, the text message at issue took up space on putative Class members' devices, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

32. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

FILED DATE: 2/11/2019 3:37 PM    2019CH01768

35. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

37. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227(B)(1)(A)(III)**

38. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

39. Defendant sent a text message to Plaintiff and Class members on their cellular telephone numbers.

40. The text message was sent using an "automatic telephone dialing system."

41. The text message was not sent for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for the text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227 ET SEQ.**

38. Plaintiff incorporates by reference paragraphs 1-37 of this Complaint as though fully stated herein.

FILED DATE: 2/11/2019 3:37 PM 2019CH01768

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

44. An award of reasonable attorneys' fees and costs.

45. Any other relief the Court may deem just and proper.

8

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

48. An award of reasonable attorneys' fees and costs.

49. Any other relief the Court may deem just and proper.

AGRUSS LAW FIRM, LLC

By: _____

Michael S. Agruss
Attorneys for Plaintiff

AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
312-224-4695 – office
312-253-4451 – facsimile
michael@agrusslawfirm.com
Firm No. 58143
Attorney No.: 58143

9

FILED
2/11/2019 3:37 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01768

Attorney No.: 58143

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

## IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| STEVEN GREEN, on behalf of himself and all others similarly situated, | ) ) ) Case No.   **2019CH01768** |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) JURY TRIAL DEMANDED |
| CHICAGO ATHLETIC CLUBS, LLC, | ) ) |
| Defendant. | ) |

### ILLINOIS SUPREME COURT RULE 222(b) AFFIDAVIT

Pursuant to Supreme Court Rule 222(b), counsel for Plaintiff, STEVEN GREEN, on behalf

of himself and others similarly situated, certifies that Plaintiff seeks money damages in excess of

Fifty-Thousand and 00/100ths Dollars ($50,000.00).

AGRUSS LAW FIRM, LLC

By: _____

Michael S. Agruss
Attorneys for Plaintiff

AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
312-224-4695 – office
312-253-4451 – facsimile
michael@agrusslawfirm.com
Firm No. 58143
Attorney No.: 58143

FILED DATE: 2/11/2019 3:37 PM   2019CH01768

## IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| STEVEN GREEN, on behalf of himself and all others similarly situated, | ) ) | Case No. |
| | ) | |
| Plaintiff, | ) | CLASS ACTION COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CHICAGO ATHLETIC CLUBS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### JURY DEMAND

Plaintiff, STEVEN GREEN, on behalf of himself and others similarly situated, demands a

12-person jury trial.

AGRUSS LAW FIRM, LLC

By: _____

Michael S. Agruss
Attorneys for Plaintiff

AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
312-224-4695 – office
312-253-4451 – facsimile
michael@agrusslawfirm.com
Firm No. 58143
Attorney No.: 58143

11

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01768

FILED DATE: 2/13/2019 12:00 AM   2019CH01768

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons           (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Steven Green, on behalf of himself and others

(Name all parties)

v.

Chicago Athletic Clubs, LLC

Case No.    2019CH01768

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: **Chicago Athletic Clubs, LLC, 55 East Jackson Blvd, #500, Chicago, IL 60604**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                      **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 58143

Atty Name: Michael Agruss

Atty. for: Steven Green, Plaintiff

Address: 4809 N. Ravenswood Ave #419

City: Chicago

State: IL    Zip: 60640

Telephone: 312-224-4695

Primary Email: michael@agrusslawfirm.com

Witness: _____

2/13/2019 12:00 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 2/13/2019 12:00 AM  2019CH01768

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

FILED DATE: 2/13/2019 12:00 AM    2019CH01768



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01768  **SHERIFF NUMBER:** 03018967  **MULT. SER.:** 1  **DOC. TYPE:** CHAN

**DIE DATE:** 03/08/2019  **RECEIVED DATE:** 02/14/2019  **FILED DATE:** 02/13/2019  **DIST:** 604

**DEFENDANT:** CHICAGO ATHLETIC CLUBS LLC  **PLAINTIFF:** GREEN, STEVEN ET AL

**ADDRESS:** 55 E JACKSON  **ATTORNEY:** AGRUSS LAW FIRM LLC

**CITY:** CHICAGO  **ADDRESS:** 55 WASHNGTON1500

**STATE:** IL  **ZIP CODE:** 60604  **CITY:** CHICAGO

**ATTACHED FEE AMT:**  **STATE:** IL  **ZIP CODE:** 60602

**SERVICE INFORMATION:** RM 802

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**
**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

☐ (01) NO CONTACT  ☐ (05) WRONG ADDRESS  ☐ (09) DECEASED

☐ (02) MOVED  ☐ (06) NO SUCH ADDRESS  ☐ (10) NO REGISTED AGENT

☐ (03) EMPTY LOT  ☐ (07) EMPLOYER REFUSAL  ☐ (11) OUT OF COOK COUNTY

☐ (04) NOT LISTED  ☐ (08) CANCELLED BY PLAINTIFF ATTY  ☐ (12) OTHER REASON (EXPLAIN)

**EXPLANATION:**

| WRIT SERVED ON: | ADRIENNA MIKSAN | | ATTEMPTED SERVICES | | |
|---|---|---|---|---|---|
| SEX: F  RACE: WH  AGE: 45 | | | Date | Time | Star # |
| THIS 25 DAY OF Februa 20 19 ry | | | | | |
| TIME: 1:48 PM | | | | | |

THOMAS J. DART,

SHERIFF, BY: /S/ HALVORSON, KYLE #10446  , DEPUTY

Page 1 of 2

**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01768 **SHERIFF NUMBER:** 03018967 **MULT. SER.:** 1 **DOC. TYPE:** CHAN
**DIE DATE:** 03/08/2019 **RECEIVED DATE:** 02/14/2019 **FILED DATE:** 02/13/2019 **DIST:** 604

| Date | Time | Star # |
|---|---|---|